DAVID H. KRAMER, State Bar No. 168452
JORDAN A. NELSON, State Bar No. 327915
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100
Email:  dkramer@wsgr.com
Email:  jordan.nelson@wsgr.com

Attorneys for Defendant
YOUTUBE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LATONYA R. FINLEY,<br><br>           Plaintiff,<br><br>      v.<br><br>YOUTUBE, LLC,<br><br>           Defendant. | CASE NO.: 3:20-cv-04888-RS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      March 17, 2022<br>Time:     1:30 p.m.<br>Place:    Courtroom 3 – 17th Floor<br>Judge:    Hon. Richard Seeborg |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 17, 2022, at 1:30 PM, before the Honorable Richard Seeborg of the United States District Court for the Northern District of California, Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant YouTube, LLC ("YouTube") shall and hereby does move for an order dismissing all claims advanced by Plaintiff LaTonya R. Finley ("Plaintiff") in her Amended Complaint. The motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

**STATEMENT OF REQUESTED RELIEF**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant requests that the Court dismiss Plaintiff's claims.

**STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether the Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In her initial Complaint, Plaintiff alleged that YouTube failed to provide her with certain information regarding the party who charged her with infringing its copyrights via a video she posted to YouTube. Compl., Dkt. 1. Plaintiff claimed YouTube's supposed failure violated the Digital Millennium Copyright Act's ("DMCA") "safe harbor" provisions. YouTube moved to dismiss on the ground that while it had not failed to comply with the DMCA, even if it had, any such failure was not actionable. Dkt. 19. This Court agreed, dismissing Plaintiff's complaint, but granting leave to amend. Dkt. 25. The Amended Complaint fares no better.

The first claim in the Amended Complaint merely repackages the failed DMCA allegations. Amend. Compl., Dkt. 36 ("AC") at 2. Rather than specifically invoking the DMCA, Plaintiff now contends YouTube somehow violated copyright law, by failing to provide her with details about the copyright claim levied against her. *Id.* There is no basis for such a claim, whether

under the DMCA (as the Court previously held) or under copyright law generally. The claim should be dismissed.

Plaintiff's Amended Complaint also adds a claim for breach of contract, complaining broadly and vaguely about YouTube's advertising program. *Id.* But Plaintiff fails to identify the contract, let alone the provision of the contract that YouTube allegedly breached. Nor does she plead facts showing how YouTube supposedly breached the unidentified contract, or how that supposed breach caused her harm. *Id.* Under both Rule 8 and Rule 12(b)(6), Plaintiff has failed to state a contract claim.

Finally, Plaintiff asserts a claim for tortious interference, but fails to plead facts satisfying any of the required elements for such a claim. *Id.* at 3. Most telling by its absence is the identification of a contract with which YouTube supposedly interfered. *Id.* If Plaintiff means to suggest that YouTube interfered in a supposed contract Plaintiff has with YouTube, that claim fails as a matter of law because a party cannot interfere with its own contract.

For all of these reasons, the Court should dismiss Plaintiff's claims.

## ARGUMENT

### I.     LEGAL STANDARD

Under the "notice" pleading standard of Rule 8, "[t]o survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, under Rule 12(b)(6), a complaint should be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In this case, Plaintiff's failure to satisfy Rule 8 and Rule 12(b)(6) warrant dismissal of the amended complaint.

## II.  PLAINTIFF'S COPYRIGHT CLAIM FAILS

In general, a claim of copyright infringement requires a showing that a defendant has reproduced, distributed, performed, publicly displayed, or made a derivative of a copyrighted work without the permission of the copyright owner. 17 U.S. Code §§106, 501. Plaintiff here purports to assert a claim against YouTube under the Copyright Act, but does not identify any copyrighted work of her own that YouTube supposedly infringed. Her claim instead is that when another party charged her with infringement, YouTube failed to provide her with information about that charge that she claims she was entitled to.[1] AC at 2. But that is what Plaintiff asserted in her original complaint, contending that YouTube supposedly violated the DMCA by not providing her with the desired information.[2] As this Court recognized, that claim failed as a matter of law, because the DMCA does not impose such obligations or give rise to such an action. Order Granting Motion to Dismiss ("Order") at 1 (Section § 512 of the DMCA "creates a suite of 'safe harbors' applicable to an online platform that 'is found to be liable under *existing principles of law*.'" "It does not, however, 'rewrite copyright law' to include a standalone cause of action against platforms for aggrieved takedown notice recipients.").

Plaintiff's invocation of the broader Copyright Act in her Amended Complaint changes nothing. Copyright law does not create the disclosure obligation that Plaintiff imagines, much less empower alleged infringers like Plaintiff to pursue intermediaries for information about third parties claiming infringement. Plaintiff's copyright claim should be dismissed with prejudice.

## III.  PLAINTIFF DOES NOT STATE A CONTRACT CLAIM

Under California law, "[a] cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage

---

[1] Plaintiff alleges that YouTube failed to provide her with "a physical signature" of the copyright owner, "a description of the copyrighted work," and "the copyright owner's designated agent." AC at 2. Under the DMCA's safe harbors, a copyright holder may need to include these pieces of information, among others, *in a notice to an online service provider like YouTube* requesting the removal of specific content from the service. See 17 U.S.C. § 512(c)(3)(A). But there is nothing in the DMCA or otherwise that requires the service provider to supply that information to the alleged infringer.

[2] In her initial Complaint, Plaintiff affirmatively alleged that YouTube had informed her that it had received a takedown notice from Pixel World Roleplay LTD indicating that her content was infringing on its copyrights. Compl., Dkt. 1 at 2.

DEFENDANT YOUTUBE, LLC'S MOTION          -3-          CASE NO.: 3:20-CV-04888-RS
TO DISMISS AMENDED COMPLAINT

1  to plaintiff resulting therefrom." *McKell v. Washington Mut., Inc.,* 142 Cal. App. 4th 1457, 1489
2  (2006). "To state a cause of action for breach of contract, it is absolutely essential to plead the
3  terms of the contract either in haec verba or according to legal effect." *Langan v. United Servs.*
4  *Auto. Ass'n,* 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (citing *Twaite v. Allstate Ins. Co.*, 216 Cal.
5  App. 3d 239, 252 (1989)). "In order to plead a contract by its legal effect, plaintiff must 'allege the
6  substance of its relevant terms.'" *Haskins v. Symantec Corp.*, 2013 U.S. Dist. LEXIS 169865, at
7  *32 (N.D. Cal. Dec. 2, 2013) (quoting 4 Witkin, Cal. Proc. (4th ed. 1997) Pleading, § 476, p. 570).

8      Plaintiff has not met this basic element of a contract claim because she does not include the
9  relevant language of whatever contract she believes is at issue or plead its legal effect. That
10 violates both Rule 8 and Rule 12(b)(6). *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain
11 statement of the claim showing that the pleader is entitled to relief"); *see also Haskins*, 2013 U.S.
12 Dist. LEXIS 169865 at *34 (dismissing contract claim when the complaint failed to meet notice
13 requirements by failing to "clearly allege the substance of the relevant terms…such that Defendant
14 is reasonably on notice of the claims against it."); *see also Phat Tran v. Bayview Loan Servicing,*
15 *LLC*, 2020 U.S. Dist. LEXIS 36508, at *7 (C.D. Cal. Mar. 2, 2020) (dismissing contract claim
16 under Rule 8 and Rule 12(b)(6) when plaintiff failed to identify the contract that the defendant
17 breached).

18     Beyond pleading the terms of a supposed contract, a plaintiff must put the defendant on
19 notice as to how they allegedly breached the contract and how the plaintiffs were harmed by the
20 breach. *See Langan*, 69 F. Supp. 3d at 980 (dismissing breach of contract claim under Rule
21 12(b)(6) because "[p]laintiff must at least allege the material terms of a specific contract, state that
22 he performed his own obligations under that contract or was excused from performing them, and
23 state which obligations a defendant allegedly breached.").

24     Plaintiff alleges that the parties entered "into a YouTube Partnership agreement." AC at 2.
25 She then lists four documents that she calls "agreements": "YouTube community guidelines, terms
26 and services, copyright and Google AdSense policies…." *Id.* Plaintiff does not attach any of these
27 supposed agreements to the Amended Complaint, nor does she "allege the substance of [the]
28 relevant terms" of these agreements. *See Haskins*, 2013 U.S. Dist. LEXIS at *32. Without more,

DEFENDANT YOUTUBE, LLC'S MOTION    -4-    CASE NO.: 3:20-CV-04888-RS
TO DISMISS AMENDED COMPLAINT

1  YouTube is unable to discern the allegations against it. Under Rule 8 and Rule 12(b)(6), Plaintiff's
2  contract claim should be dismissed for this reason alone.
3        Even if Plaintiff had identified the relevant contract and terms, Plaintiff failed to allege
4  how YouTube breached the contract or how she was harmed by any alleged breach. *See Langan*,
5  69 F. Supp. 3d at 980. Instead, Plaintiff airs general grievances about YouTube's advertising
6  system: YouTube "can control who see or whom your content will be shared with," "Partnership
7  is vague about how revenue is calculated," and "YouTube has no information within the
8  agreement how creator's revenue is calculated and what percentage of revenue is the creators to
9  receive." AC at 2. Plaintiff does not state how these grievances constitute a breach of some
10 unidentified contract. That too is a dispositive flaw in the claim.
11       Finally, even assuming Plaintiff's general grievances did breach some contract, Plaintiff
12 would have to show that supposed breach caused *her* harm. *See Langan*, 69 F. Supp. 3d at 980.
13 Here again, Plaintiff has failed to plead facts demonstrating the requisite element of a contract
14 claim.
15       In sum, Plaintiff's breach of contract claim leaves YouTube without notice of the contract
16 that was allegedly breached, the alleged breach, or how Plaintiff was harmed by the breach. The
17 claim fails under both Rule 8 and Rule 12(b)(6) and should be dismissed.

18 **IV.   PLAINTIFF DOES NOT STATE A TORTIOUS INTERFERENCE CLAIM**

19       Plaintiff's final claim is captioned "tortious interference with contract." To state a claim for
20 tortious interference with a contract, a party must plead "(1) a valid contract between plaintiff and
21 a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed
22 to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of
23 the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns &*
24 *Co.*, 50 Cal. 3d 1118, 1126 (1990). To adequately plead this claim, the plaintiff "must identify the
25 third party or parties with whom they contracted, and the nature and extent of their relationship
26 with that party or parties." *Green Crush LLC v. Paradise Splash I*, 2018 U.S. Dist. LEXIS 238207,
27 at *25 (C.D. Cal. Mar. 8, 2018) (dismissing claim when the plaintiff "failed to identify any
28 specific third party with whom it had contracted") (citing *UMG Recordings, Inc. v. Glob. Eagle*

*Entm't, Inc.*, 117 F. Supp. 3d 1092, 1115 (C.D. Cal. 2015)). Under California law, a tortious interference claim cannot be made against a defendant who is party to the contract at issue. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 517-18 (Cal. S. Ct. 1994) (a party to the contract is obligated "to perform the contract or pay damages for breach" but "it did not assume the independent tort obligation not to interfere with the performance of its own contract.").

Plaintiff's tortious interference claim consists of rhetorical charges about what she (or others) may not like about YouTube's advertising program. But none of her charges satisfy the elements required to state a tortious interference claim. The accusations run the gamut, from "YouTube undermine [sic] and deter [sic] its creators from having control of its own advertisement to earn the highest revenue" to "unethical tactics that is being used and causing creators to commit suicide, become depressed, obese, and having PSTD." AC at 3. Nowhere in these allegations does Plaintiff point to a contract with which YouTube supposedly interfered, let alone a contract with a third party. *See Green Crush LLC*, 2018 U.S. Dist. LEXIS 238207, at *25. Indeed, the only "agreements" that Plaintiff names are supposed contracts between her and YouTube. AC at 3. A tortious interference claim cannot be made against YouTube for interfering with its own contract. *See Applied Equipment Corp.*, 7 Cal. 4th at 517-18. Beyond that Plaintiff does not allege that she was personally harmed by any of these alleged issues. AC at 3.

In sum, Plaintiff fails to state a tortious interference claim. That claim too should be dismissed.

## CONCLUSION

For these reasons, Plaintiff's Amended Complaint should be dismissed.

Respectfully submitted

Dated: February 2, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: __*/s/ Jordan A. Nelson*__
Jordan A. Nelson
Email: jordan.nelson@wsgr.com

Attorneys for Defendant
YOUTUBE, LLC