UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LATONYA R. FINLEY,

    Plaintiff,

    v.

YOUTUBE, LLC,

    Defendant.

Case No. 20-cv-04888-RS

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff LaTonya Finley sued YouTube because it took down one of her videos after it received notice of a copyright violation. She claimed it had not provided information as required by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Her Complaint was dismissed because that section of the DMCA provides a series of statutory safe harbors, not a cause of action.

Finley amended her Complaint, relabeling her DMCA claim as a copyright claim, and adding a breach of contract claim and a tortious interference claim. YouTube moves to dismiss. Pursuant to Local Rule 7-1(b), the motion is suitable for disposition without oral argument, so the hearing is vacated. Each of Finley's claims is legally defective.  For the reasons further set out below, YouTube's motion is granted.

Finley labels her first claim as a "Copyright Violation." However, the body describes the same defective DMCA claim as before, e.g., "it is alleged that YouTube failed to provide a physical signature of the copyrighted work of [sic] owner," and complaining about the "failure of YouTube to follow the exact course of the DMCA guidelines." Reading it as a DMCA claim, it

1   must be dismissed for the same reason as before: the DMCA did not rewrite copyright law to
2   allow this type of suit. Order Granting Motion to Dismiss at 1 (citing *Ellison v. Robertson*, 357
3   F.3d 1072, 1077 (9th Cir. 2004)). The DMCA provides websites protections against suits from
4   copyright owners. It does not allow those who are alleged to have violated someone else's
5   copyright to sue the website about the procedures the website used to take down the material, even
6   if they believe the website is not complying with the statutory safe harbor provisions, or any other
7   part of the law. (Also, the information Finley complains she was not given is not required to be
8   given to her: it is the information the copyright holder must give to the website to back up their
9   claim of a copyright violation.) Even reading it as trying to assert a copyright claim, neither
10  Finley's Complaint nor her opposition attempt to show that YouTube has violated a copyright she
11  owns. 17 U.S.C. §§ 106, 501.

12  Finley's breach of contract claim is lacking in any specifics, failing to put YouTube on
13  notice as to what contract it allegedly breached, or how it supposedly did so. There are only vague
14  complaints about how YouTube runs its business, such as that YouTube controls who can see a
15  creator's content, and does not disclose how it calculates the revenue creators are to receive for
16  their videos. Beyond that, Finley does not adequately aver any damages. Finley has not stated any
17  element of a breach of contract claim with the specific, plausible facts required, so this claim too
18  must be dismissed. *See McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006);
19  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

20  Finally, Finley asserts tortious interference. She makes clear she believes YouTube has
21  interfered in a contract between it and her. However, tortious interference only possibly applies
22  when a defendant interfered with a contract between a plaintiff and a third party; for example,
23  Finley could have asserted this claim if she alleged that YouTube interfered with a contract
24  between her and Facebook. This claim is facially defective. *See Applied Equipment Corp. v. Litton*
25  *Saudi Arabia Ltd.*, 7 Cal. 4th 503, 517–18 (1994).

26  For the reasons set forth above, YouTube's motion to dismiss is granted, and Finley's
27  Amended Complaint is dismissed. Further amendments cannot save Finley's DMCA or tortious

28

United States District Court
Northern District of California

ORDER GRANTING MOTION TO DISMISS
CASE NO. 20-cv-04888-RS

interference claims, so those claims are dismissed with prejudice. Amendment of Finley's breach of contract claim on these facts also seems futile, because at most Finley seems to be complaining about contract terms she signed, not a breach of contract. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Even if it was hypothetically possible to salvage this claim, Finley did not address it at all in her opposition to YouTube's motion to dismiss (aside from mentioning that the claim exists). Thus, Finley will be deemed to have admitted the claim cannot be defended. This claim too is dismissed with prejudice. The clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: March 9, 2022

_____
RICHARD SEEBORG
Chief United States District Judge